UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DIDI HUANG,

                      Defendant.

Case # 24-CR-6166

DECISION AND ORDER

## INTRODUCTION

On September 12, 2025, Magistrate Judge Mark W. Pedersen filed a Report & Recommendation ("R&R"), ECF No. 157, in which he recommended denying Defendant Didi Huang's motion to dismiss Count 1 of the indictment as duplicitous. *See* ECF No. 157. Defendant has filed his objection to the R&R, ECF No. 167, and the government has submitted its response. ECF No. 175. For the reasons that follow, the R&R is ADOPTED, and Defendant's motion to dismiss Count 1 of the indictment is DENIED.[1]

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has

---

[1] At oral argument before Judge Pedersen, defense counsel requested disclosure of the grand jury minutes. ECF No. 157 at 1. In the R&R, Judge Pedersen indicated that counsel's request should be denied. *See id.* at 4-5. Defendant did not file any objection to that ruling. *See* ECF No. 167. Because disclosure of the grand jury minutes is a nondispositive matter to which Defendant did not timely object, his right to review has been waived, *see* Fed. R. Civ. P. 59(a); *see also United States v. Gibson*, No. 13-CR-6156, 2018 WL 903514, at *2 (W.D.N.Y. Feb. 15, 2018); *United States v. Sou*, No. 09-CR-345, 2011 WL 1463798, at *3 (D. Haw. Apr. 15, 2011), and the Court need not address the request further.

1

instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

## DISCUSSION

Defendant is alleged to have been involved in a scheme to steal used cooking oil from local restaurants and resell it to others for use as biodiesel fuel. ECF No. 67 at 1-3. In Count 1 of the indictment, Defendant is charged with conspiracy to violate both 18 U.S.C. § 2314 (transportation of stolen goods) and 18 U.S.C. § 2315 (sale or receipt of stolen goods). *Id.* at 3-5. It is alleged that this conspiracy violates 18 U.S.C. § 371, which prohibits "two or more persons" from conspiring to "commit any offense against the United States."

On May 9, 2025, Defendant filed an omnibus motion seeking, *inter alia*, dismissal of Count 1. ECF No. 104 at 12-14. Defendant contends that Count 1 is duplicitous insofar as it "actually charges at least two separate offenses: Conspiracy to Transport Stolen Goods in Interstate Commerce and Conspiracy to Sell Stolen Goods in Interstate Commerce." *Id.* at 12. The government opposed the motion. ECF No. 115 at 27-29.

Judge Pedersen recommended that the motion be denied. He reasoned that Count 1 was not duplicitous because it did not, in fact, allege two distinct crimes; instead, Count 1 charged "a single conspiracy with two objects: transportation of stolen goods in violation of 18 U.S.C. § 2314 and sale of stolen goods in violation of section 2315." ECF No. 157 at 2. And even assuming that it was duplicitous, Judge Pedersen concluded that it was permissible because it caused no prejudice to Defendant. *Id.*

In his objection to the R&R, Defendant argues that Judge Pedersen erroneously found a lack of prejudice. *See* ECF No. 167 at 2-3. However, Defendant fails to meaningfully address Judge Pedersen's other dispositive conclusion: that Count 1 is not duplicitous because it charges a single conspiracy with two criminal objects, rather than two distinct crimes. This unchallenged conclusion is supported by abundant precedent. *See, e.g.*, *Braverman v. United States*, 317 U.S. 49, 54 (1942) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects." (internal quotation marks omitted)); *Beckman v. United States*, 890 F.2d 416, 1989 WL 144334, at *1 (6th Cir. 1989) (table op.) (no duplicity where conspiracy count alleged violation of "three separate criminal statutes," and observing that "[i]t was perfectly proper for the government to charge all of the conspiracy's objectives in one count of the indictment because there was only one agreement to commit unlawful acts"); *United States v. Murray*, 618 F.2d 892, 898-99 (2d Cir. 1980) (indictment was not duplicitous, where it charged a conspiracy to both import and distribute controlled substances). Because, as Judge Pedersen correctly concluded, Count 1 charges a single overarching conspiracy with two distinct criminal objects, Count 1 is not duplicitous, and the motion to dismiss that count is properly denied.[2]

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Pedersen's R&R (ECF No. 157), and DENIES Defendant's motion to dismiss Count 1 (ECF No.104).

IT IS SO ORDERED.

Dated: November 3, 2025
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[2] In his objection, Defendant requests that, should the motion be denied, a unanimity instruction be given to the jury. *See* ECF No. 167 at 3. That request is denied without prejudice to renewing in advance of trial.